UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ARMANDO ROJAS, CDCR #BA-4157,<br><br>                               Plaintiff,<br><br>vs.<br><br>RASHAD JOHNSON, Probation Officer, et al.,<br><br>                              Defendants. | Case No. 3:17-cv-01287-JAH-JMA<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

      CESAR ARMANDO ROJAS ("Plaintiff"), while incarcerated at Mule Creek State Prison in Ione, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1).

      In his Complaint, Plaintiff claimed a San Diego County probation officer, his unnamed "transferring partner," a San Diego County Deputy Sheriff, the University of California San Diego Emergency Room, and an unidentified emergency medical technician violated his Eighth Amendment rights on December 22, 2014. (ECF No. 1 at 3-5.) Plaintiff sought to enjoin Defendants from "bothering" him, and requested more than $19 million in general and punitive damages. (*Id.* at 7.)

**I.    Procedural History**

      On September 25, 2017, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state a claim upon which relief can be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) (ECF No. 5). Plaintiff was informed of his various pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. (*Id.* at 6-9.) Plaintiff was further cautioned that his failure to amend would result in the dismissal of his case. (*Id.* at 9) (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than two months have passed since the Court's September 25, 2017 Order, and Plaintiff's Amended Complaint was due on or before November 9, 2017. But to date, Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's September 25, 2017 Order (ECF No. 5).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: 12/5/2017

HON. JOHN A. HOUSTON
United States District Judge